**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

SURETEC INSURANCE COMPANY                                              PLAINTIFF

V.                                                       CAUSE NO. 3:16-CV-00447-CWR-FKB

TYLER CONSTRUCTION GROUP                                              DEFENDANTS
CORPORATION; CHERYL S.
GAMBLIN; JOSH GAMBLIN; LAMAR
N. GAMBLIN; and FRANCES GAMBLIN

**ORDER**

Two motions are before the Court. First is plaintiff's motion for summary judgment. Second, defendants seek an opportunity to take discovery.[1] Finding defendants' motion well taken, the Court does not reach the merits of plaintiff's motion for summary judgment.

A party is entitled to discovery prior to a ruling on a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "Rule 56(d) discovery motions are 'broadly favored and should be liberally granted.'" *Biel Loan Co. III-A, LLC v. Lee Freyer Kennedy Crestview, LLC*, No. 1:10-CV-153-HSO-JMR, 2011 WL 1321328, at *1-2 (S.D. Miss. Apr. 4, 2011) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). "[T]he rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation marks and citation omitted).

Defendants ask for discovery to develop and prove their defense that plaintiff waived its rights to indemnity because it settled claims in bad faith, paid claims it was not obligated to pay,

---

[1] Defendants filed their request as a response to plaintiff's motion for summary judgment. The Court construes their request to take discovery as its own motion. *See* Docket Nos. 23, 26, and 27.

and did so over the objection of Tyler Construction. They have invoked the rule and filed the required declaration.

The Court agrees that defendants should be afforded an opportunity to investigate the basis upon which SureTec paid claims for which it now seeks indemnity. Discovery is necessary for responding to plaintiff's motion for summary judgment as well as developing and proving defenses to suit. *See, e.g.*, *McDougle v. Neshoba Cnty. Miss.,* No. 3:15-CV-350-CWR-FKB, 2016 WL 83785 (S.D. Miss. Jan. 7, 2016).

Defendants' motion for discovery is granted. Docket No. 23. Plaintiffs' motion for summary judgment is dismissed without prejudice to its refiling. Docket No. 14. The parties shall contact the Magistrate Judge's Office within 10 days for entry of a new scheduling order.

**SO ORDERED**, this the 8th day of August, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
